# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LONNY BRISTOW,                         Case No. 1:05-cv-378

    Plaintiff                            Beckwith, J.
                                    Black, M.J.

   vs

REGINALD WILKINSON, et al.,          **REPORT AND RECOMMENDATION**

    Defendants

       Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Defendants are Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Correction (ODRC); Terry Collins, the ODRC Deputy Director of Institutions; Steve Huffman, the ODRC South Region Director; Cheryl Martinez, the ODRC Chief Inspector; William A. Eleby, the ODRC Chief of the Bureau of Classification and Reception; and Wanza Jackson, the Warden of the Warren Correctional Institution. Plaintiff alleges that defendants have been deliberately indifferent to his safety in violation of the Eighth Amendment.

       This matter is before the Court on defendants' motion to dismiss (Doc. 25) and plaintiff's memorandum in opposition (Doc. 26), and on plaintiff's motion for issuance of a declaratory judgment. (Doc. 21).

       Plaintiff is an inmate subject to the "three strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). When he initially presented his complaint for filing in this matter, the Court found that plaintiff had alleged facts which, if true, showed he was under imminent danger of serious physical injury. Plaintiff therefore met the exception to the "three strikes" provision and was permitted to proceed *in forma pauperis* in this matter. (Docs. 7, 8).

Plaintiff alleges that contrary to ODRC policy, inmates of differing security classifications ranging from Level 1 (minimum) to Level 4 (maximum) security are housed together in the WCI Protective Control Unit where plaintiff resides. Plaintiff alleges he is housed and must congregate with violence-prone inmates in the Protective Control Unit. His amended complaint sets forth numerous alleged instances of violence within the Protective Control Unit between inmates of differing security classifications. As a result of these conditions, plaintiff alleges he is under imminent danger of serious physical injury. He seeks an injunction prohibiting defendants from housing non-level 3 inmates and violence prone inmates at the WCI Protective Control Unit. Plaintiff also seeks a declaration that defendants' actions violate his rights under the Eighth and Fourteenth Amendments. (Doc. 19).

Defendants seek dismissal of the amended complaint on two grounds. First, defendants contend that the Court's denial of plaintiff's motion for preliminary injunction on July 15, 2005 amounted to a finding that plaintiff is in no immediate danger and therefore the basis for an exception to the three strikes rule no longer exists for plaintiff. That being the case, plaintiff should be required to pay the full filing fee up front and if he fails to remit the full fee his case should be dismissed.

The Court disagrees and finds that the denial of plaintiff's motion for preliminary injunction does not require dismissal of the amended complaint. The Court denied plaintiff's motion for preliminary injunction because he failed to present any *evidence* in support of the motion. (Doc. 12 at 2-3). In determining plaintiff met the imminent danger exception to the three strike rule when he filed the complaint, the Court accepted as true plaintiff's allegations set forth in the complaint. The fact that plaintiff subsequently failed to meet his evidentiary burden showing entitlement to extraordinary preliminary injunctive relief does not as a factual matter

2

negate the Court's initial imminent danger finding and does not mandate a revocation of plaintiff's *in forma pauperis* status at this time. The Court does not mean to indicate that defendants may not seek revocation of plaintiff's *in forma pauperis* status under the appropriate circumstances. Courts have recognized that further fact-finding proceedings may be appropriate once the imminent danger allegation of the three strike rule is challenged. *See Gibbs v. Cross*, 160 F.3d 962, 967 n.8 (3rd Cir. 1998). However, the basis upon which defendants rely in this case, the denial of plaintiff's motion for preliminary injunction, does not provide such circumstances.

Second, defendants seek dismissal of plaintiff's amended complaint on the basis that plaintiff has failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners who file lawsuits in this Court challenging the conditions of their confinement pursuant to 42 U.S.C. § 1983 "must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Inmates must "plead claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint. . . ." *Knuckles v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*. Federal courts should not prematurely adjudicate

the merits of a prisoner's claims until the exhaustion requirement has been satisfied. *Brown,* 139 F.3d at 1104. Where a complaint contains both exhausted and unexhausted claims, the district court must dismiss the complaint in its entirety. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). The case should be dismissed without prejudice where the record fails to disclose that the prisoner has complied with the exhaustion requirement. *Brown,* 139 F.3d at 1104.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. First, an inmate initiates the grievance procedure by filing an informal complaint with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. Ohio Admin. Code § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction. Ohio Admin. Code § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. For all complaints regarding the Warden or Inspector of Institutional Services, the inmate must file a grievance directly to the office of the Chief Inspector, and the Chief Inspector's decision is final. Ohio Admin. Code § 5120-9-31(L).

In the instant case, plaintiff fails to meet his burden of demonstrating he exhausted his administrative remedies. In order to effectuate the language contained in § 1997e(a), plaintiff must plead his claims with specificity and show such claims have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation,

4

describe with specificity the administrative proceeding and its outcome. *Knuckles-El*, 215 F.3d at 642. Plaintiff admits he did not pursue the inmate grievance procedure set forth in Ohio Admin. Code § 5120-9-31, but argues that the inmate grievance procedure is not an "available" administrative remedy. Plaintiff contends that the inmate grievance procedure does not apply to his complaints against ODRC Central Office staff. Plaintiff also argues the grievance procedure does not apply to WCI Warden Jackson because the decision to assign inmates to the WCI Protective Control Unit is a "final decision" made by Central Office staff and not a grievable matter. (Doc. 19 at 2).

Plaintiff's contentions are without merit. First, plaintiff has failed to present evidence showing that the grievance procedure cannot be utilized to complain about the actions or policies of Ohio Department of Rehabilitation and Corrections employees. The only "evidence" he presents is his unsupported declaration which states that "at least two (2) years ago" the Chief Inspector denied his grievance against a member of Central Office staff, allegedly stating that the procedure cannot be used against Central Office staff. (Doc. 26, Exh. A). Plaintiff has not submitted a copy of the alleged disposition. Nor has plaintiff shown how the disposition of a grievance of an unspecified nature against an unknown central office staff member over two years ago is somehow relevant to his available administrative remedies in this case.

Second, the plain language of the inmate grievance procedure set forth in Ohio Admin. Code § 5120-9-31 indicates the grievance procedure applies to complaints about the actions or policies of ODRC Central Office employees: "This procedure is designed to address inmate complaints related to *any* aspect of institutional life that directly and personally affects the grievant. This may include complaints regarding *policies, procedures*, conditions of

5

confinement, or the actions of institutional staff." Ohio Admin. Code § 5120-9-31(A)(emphasis added). Plaintiff's complaint that defendants are assigning inmates of varying security classifications together in the WCI Protective Control Unit in contravention of ODRC policy concerns the implementation and enforcement of "policies" under the grievance procedure. In addition, plaintiff's safety or lack thereof allegedly resulting from defendants' actions is a "condition of confinement" within the meaning of the grievance procedure. Moreover, as it respects defendant Warden Jackson, the prison grievance procedure explicitly provides a procedure for complaints against the warden of an institution. *See* Ohio Admin. Code § 5120-9-31(L). Despite his uncorroborated protestations to the contrary, plaintiff has failed to present any evidence showing he is not permitted to grieve the safety issue through the inmate grievance procedure.

The Court notes that the Sixth Circuit has said exhaustion may be excused "where the prison system has a flat rule declining jurisdiction over such cases" but not "when the prison system will hear the case and attempt to correct legitimate complaints" even where an inmate may not obtain the relief he seeks, such as money damages. *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999). Unless the prison system altogether refuses to review a prisoner's allegations, the prisoner must exhaust the prison grievance procedure before filing suit in federal court. *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). While plaintiff argues there is no "available" administrative process to review his deliberate indifference to safety claims, the undersigned believes that plaintiff must do more than simply allege that the prison system refuses to review his claims. He must provide some evidence to support this assertion, such as a decision from the Institutional or Chief Inspector verifying such issues are not grievable. To hold otherwise would encourage inmates to do an end-run around the exhaustion requirement by

simply claiming their particular issue is not reviewable by the prison system. Plaintiff's failure to demonstrate that WCI or the ODRC has a flat rule declining to hear his challenges requires dismissal of his complaint for lack of exhaustion of administrative remedies under the PLRA.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Doc. 25) be **GRANTED**, plaintiff's motion for issuance of a declaratory judgment (Doc. 21) be **DENIED**, and plaintiff's complaint be dismissed without prejudice.


Date:   10/3/2005                                          s/Timothy S. Black
                                                                                  Timothy S. Black
                                                                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LONNY BRISTOW,   Case No. 1:05-cv-378

    Plaintiff   Beckwith, J.
       Black, M.J.
vs

REGINALD WILKINSON, et al.,

    Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).